IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Joshua Wark            :     Chapter 13
        Debtor        :     Bankruptcy No.: 18-14391-mdc
                      :

## ORDER

**AND NOW**, upon consideration of the Motion to Sell Real Property, and upon notice to all interested parties and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtor is granted permission to sell real property known as 601 East Thayer Street, Philadelphia, PA, 19134 ("Property") for the sale price of $34,000 to buyer Guillermina A. Martinez ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Estimated ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters, as well necessarily local and state taxes     $ 3,135.61

2. Lien paid at closing – Wells Fargo Bank, N.A.*     $ 25,440.17
   * the lien shall be paid in full and will vary accordingly on actual settlement date.

3. Commission to People's Choice Real Estate     $ 2,000.00

4. Exempt Sale Proceeds Attributable to Joshua Wark**     $ 3,170.93
   ** the amount payable to Joshua Wark is capped at $3,170.93

5. Approximate payment to William Miller, Standing Trustee     $ 253.29
                                 Total:     $ 34,000.00

This Order permitting sale of the real estate shall be effective and enforceable immediately upon entry and Debtor Joshua Wark and Buyer is authorized to close the Sale immediately upon entry of this Sale Order.  The stay required under Bankruptcy Rule 6004(h) is hereby waived.

The title clerk shall fax a settlement statement from the closing directly to William Miller, Chapter 13 Trustee upon the close of the settlement to (215) 627-6299, and the

Trustee shall promptly notify the title company of any objection to the sums to be disbursed. The title clerk shall immediately transmit the actual disbursement check to the trustee by overnight courier.

In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing Chapter 13 trustee derived from the sale of the real estate shall be transferred to the appointed Chapter 7 trustee.

BY THE COURT:

June 17, 2020

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge