```
                      United States Bankruptcy Court
                      Eastern District of Pennsylvania
```

In re:                                                          Case No. 18-14391-mdc
Joshua P. Wark                                                  Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Marie                Page 1 of 1                  Date Rcvd: Jun 18, 2020
                              Form ID: pdf900            Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 20, 2020.
db              Joshua P. Wark,    2265 Kimberton Road,   Phoenixville, PA   19460-4747

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                       TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                       TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 20, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 17, 2020 at the address(es) listed below:
              ANDREW  SPIVACK    on behalf of Creditor    SANTANDER BANK,  N.A. paeb@fedphe.com
              CHRISTOPHER M. MCMONAGLE    on behalf of Creditor    Quicken Loans Inc.
               cmcmonagle@sterneisenberg.com,   bkecf@sterneisenberg.com
              DANIEL P. JONES    on behalf of Creditor    Quicken Loans Inc. djones@sterneisenberg.com,
               bkecf@sterneisenberg.com
              JEROME B. BLANK    on behalf of Creditor    WELLS FARGO BANK, N.A. paeb@fedphe.com
              JEROME B. BLANK    on behalf of Creditor    SANTANDER BANK,  N.A. paeb@fedphe.com
              JEROME B. BLANK    on behalf of Creditor    Santander Bank, N.A. paeb@fedphe.com
              JOSEPH L QUINN    on behalf of Debtor Joshua P. Wark CourtNotices@rqplaw.com
              KARINA  VELTER    on behalf of Creditor    Wells Fargo Bank, N.A. as Successor by Merger to
               Wachovia Bank, N.A. amps@manleydeas.com
              KARINA  VELTER    on behalf of Creditor    WELLS FARGO BANK, N.A. amps@manleydeas.com
              MARIO J. HANYON    on behalf of Creditor    SANTANDER BANK,  N.A. paeb@fedphe.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Toyota Motor Credit Corporation
               bkgroup@kmllawgroup.com
              THOMAS YOUNG.HAE SONG    on behalf of Creditor    Santander Bank, N.A. paeb@fedphe.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
              WILLIAM EDWARD MILLER    on behalf of Creditor    Quicken Loans, LLC formerly known as (FKA)
               Quicken Loans Inc. wmiller@sterneisenberg.com,   bkecf@sterneisenberg.com
                                                                                              TOTAL: 15

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  Joshua Wark | : | Chapter 13 |
| Debtor | : | Bankruptcy No.: 18-14391-mdc |
| | : | |

## ORDER

**AND NOW**, upon consideration of the Motion to Sell Real Property, and upon notice to all interested parties and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtor is granted permission to sell real property known as 601 East Thayer Street, Philadelphia, PA, 19134 ("Property") for the sale price of $34,000 to buyer Guillermina A. Martinez ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Estimated ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters, as well necessarily local and state taxes      $   3,135.61

2. Lien paid at closing – Wells Fargo Bank, N.A.*      $ 25,440.17
    * the lien shall be paid in full and will vary accordingly on actual settlement date.

3. Commission to People's Choice Real Estate      $   2,000.00

4. Exempt Sale Proceeds Attributable to Joshua Wark**      $   3,170.93
    ** the amount payable to Joshua Wark is capped at $3,170.93

5. Approximate payment to William Miller, Standing Trustee      $      253.29
    Total:      $ 34,000.00

This Order permitting sale of the real estate shall be effective and enforceable immediately upon entry and Debtor Joshua Wark and Buyer is authorized to close the Sale immediately upon entry of this Sale Order.  The stay required under Bankruptcy Rule 6004(h) is hereby waived.

The title clerk shall fax a settlement statement from the closing directly to William Miller, Chapter 13 Trustee upon the close of the settlement to (215) 627-6299, and the

Trustee shall promptly notify the title company of any objection to the sums to be disbursed. The title clerk shall immediately transmit the actual disbursement check to the trustee by overnight courier.

In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing Chapter 13 trustee derived from the sale of the real estate shall be transferred to the appointed Chapter 7 trustee.

BY THE COURT:

June 17, 2020

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge